UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EARLIE B.A. BERRY, JR.,                    )
                                           )
                    Petitioner,            )
                                           )
          v.                               )        No. 1:18-cv-02656-TWP-MJD
                                           )
WENDY KNIGHT,                              )
                                           )
                    Respondent.            )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Earlie B.A. Berry, Jr. for a writ of habeas corpus challenges a prison

disciplinary proceeding identified as CIC 18-05-0189. For the reasons explained in this Entry, Mr.

Berry's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On May 4, 2018, Officer Rudzinski wrote a conduct report charging Mr. Berry with offense

B-202, Possession or Use of a Controlled Substance. The conduct report provides:

> On 5/4/18 at approximately 6:10 pm, I, Officer Rudzinski went to room 1-4A to let
> offender Earlie Berry #932151 1A-4A know he was going to move after count. The
> room smellied [sic] of a burnt substance and offender Berry had half open bloodshot
> eyes. He attempted to palm a paper towel soaked in an unknown substance, but I
> retrieved it, and found another paper hidden in a cup on the bottom shelf of cell 1-
> 4A. Offender Berry admitted that the brown paper towel was his.

Dkt. 10-1.

The two pieces of brown paper towel were confiscated and photographed. Dkt. 10-2.

On May 17, the screening officer notified Mr. Berry of the charge of possession or use of

a controlled substance and served him with copies of the conduct report and the disciplinary

hearing "screening report." Mr. Berry pleaded not guilty and requested a lay advocate. Dkt. 10-3.

A lay advocate was later appointed. Dkt. 10-4. Mr. Berry did not request any witnesses, but he

requested the physical evidence be tested. Dkt. 10-3.

Investigator A. Mills provided a memo explaining that because there is no "chemical test

available to positively identify all controlled substances, the facility is going to rely on the

circumstances surrounding the items found and identified as synthetic marijuana or drug

paraphernalia." Dkt. 10-5. Mills further explained that the offense B-202 "includes both

paraphernalia and 'lookalike' substances." *Id*. Mills concluded:

> Therefore, items found that appear to be used for smoking/consuming controlled
> substances, including but not limited to; any objects with suspicious residue (pipes,
> pen parts, mirrors, etc.), leftover burnt ends from a rolled up material, rolling
> papers, papers soaked in coffee (or other liquids), suspicious torn pieces of paper,
> plant like material, anything packaged for distribution, etc. will constitute a
> violation of ADP B202 Possession or Use of a controlled substance.

*Id*.

After one postponement, a disciplinary hearing was held in case CIC 18-05-0189 on May 30, 2018. Dkt. 10-7. According to the hearing report, Mr. Berry stated: "It's just a wrap. Was coffee." *Id*. The hearing officer relied on the staff reports, statement of the offender, photos of the brown paper, and the statement from Investigator Mills and found Mr. Berry guilty of offense B-202. *Id*. Due to the frequency/nature of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on the offender's future behavior, the hearing officer imposed the following sanctions: a written reprimand and loss of earned credit of 90 days. *Id*.

On June 7, 2018, Mr. Berry submitted his first-level appeal to the Warden, arguing that there was not sufficient evidence to support the charge and that the substance should have been tested. Dkt. 10-8. The appeal was denied on June 21, 2018. *Id*. Mr. Berry did not file a second-level appeal as shown in the Offender Information System. Dkt. 10-10.

This habeas action followed.

### C.    Analysis

Mr. Berry alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) failure to conduct field test; and 2) impartial hearing officer.[1]

The Warden first argues that Mr. Berry failed to exhaust his state remedies. Mr. Berry did not file an appeal to the Final Reviewing Authority on any of his claims. Petitioners must exhaust their administrative remedies before seeking relief in disciplinary habeas corpus cases. 28 U.S.C. § 2254(b)(1)(A).  To avoid procedural default, a petitioner must show cause and prejudice for his failure to exhaust his appeals. Mr. Berry argues in his reply that he wrote to the Final Reviewing

---

[1] On January 25, 2019, Mr. Berry filed what he titled an Amended and Supplemental Pleading in which he raises for the first time a claim that the hearing officer's written statement was not adequate. Dkt. 15. The Warden accurately responds that the purported amendment is untimely and Mr. Berry did not seek leave to amend his petition in accordance with Rule 15. Dkt. 16. This claim will not be discussed for these reasons.

Authority but never received a response. He states he also was transferred to two different prisons after he filed his second level appeal. Dkt. 13. Rather than resolve this action on procedural default, the Court will proceed to address the claims on the merits.

Mr. Berry's first claim is that his request for a field test on the substance was improperly denied. Inmates do not have a due process right to have field testing evidence created for them. *Manley v. Butts,* 699 F. App'x 574, 576 (7th Cir. 2017) ("Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). Rather, inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (internal quotation omitted). The Court's role in this case is to determine whether the evidence considered by the hearing officer was constitutionally sufficient.

"The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the reporting officer observed a smelled burnt substance and Mr. Berry's "half open bloodshot eyes." Dkt. 10-1. Mr. Berry attempted to hide a paper towel soaked in an unknown substance. The officer also found another paper towel soaked in an unknown substance, and Mr. Berry admitted that the paper towel was his. *Id*. All the evidence considered was disclosed to Mr. Berry and that evidence satisfied the "some evidence" standard to support the offense of possession or use of a controlled substance. There was no due process error in this regard.

Mr. Berry also argues that the hearing officer was not impartial as evidenced by refusing to have the paper tested. This claim of partiality overlaps the claim discussed above. In addition, it fails because "the constitutional standard for impermissible bias is high." *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Id.* at 667. Here, there is no evidence that the hearing officer was improperly involved in any of the events leading to the charge.

Mr. Berry was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Berry's due process rights.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Berry to the relief he seeks. Accordingly, Mr. Berry's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   8/5/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov